UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. H. CRUM,                )<br>                            )<br>     Petitioner,           )<br>                            )<br>     v.                     )     Civil Action No. 1:21-cv-02583 (UNA)<br>                            )<br>                            )<br> UNITED STATES,             )<br>                            )<br>     Respondent.            ) | |

## MEMORANDUM OPINION

This matter is before the court on petitioner's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and petition for injunctive relief, ECF No. 1, with request for a temporary restraining order, ECF No. 3. For the reasons explained herein, the IFP application will be granted and the petition will be dismissed.

Petitioner pleaded guilty to one count of attempted second-degree sex abuse. *See United States v. Crum*, No. 2018 CF1 000667 (D.C. Super. Ct. 2018) at Guilty Plea (9/06/2019). He has recently been released from custody after serving a 36-month term of imprisonment, which the Superior Court of the District of Columbia imposed on October 15, 2019. *See id*. at Sentence; *see also* Pet. at 1–2. He challenges the constitutionality of the imposition of a sentencing "enhancement," *see* Pet. at 1–2, namely, a 10-year term of supervised release and the requirement that he register as a sex offender for 10 years, *see* D.C. Code § 24-403.01(b)(4). He states that he is currently "seeking to have the conviction overturned in the [District of Columbia] Court of Appeals," but he asks this court to issue either an injunction or a restraining order prohibiting the implementation of this purported illegal "enhancement." *See* Pet. at 2. Petitioner, however, faces several hurdles that he cannot overcome.

First, as a general rule, applicable here, this court lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals, a fact which petitioner seems to acknowledge. *See* Pet. at 2. Additionally, as petitioner's pursuit of appellate and/or preliminary post-conviction relief in the local courts is ongoing, this court cannot intervene in such criminal proceedings, due to "the fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2).

Second, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he]has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

Petitioner states that he has availed himself to remedy under D.C. Code § 23-110, but he does not demonstrate that the remedy under District of Columbia law was inadequate or ineffective. Petitioner's dissatisfaction that he was unsuccessful in pursuing relief pursuant to Section 23-110, including his baseless allegations of fraud or conspiracy by the trial court, *see* Pet. at 1–2, cannot

render his local collateral remedy inadequate or ineffective, *see Richardson v. United States*, 999 F. Supp. 2d 44, 47–8 (D.D.C. 2013) (citing *Garris*, 794 F.2d at 727) (other citation omitted); *see also Plummer v. Fenty*, 321 F. App'x. 7, 8 (D.C. Cir. 2009) ("The § 23-110 remedy, however, is not considered inadequate or ineffective simply because the requested relief has been denied."); *Hatch v. Jett*, 847 F. Supp. 2d 88, 92 (D.D.C. 2012) (noting it is "well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective."), *appeal dismissed*, 2013 WL 7154747 (D.C. Cir. Nov. 14, 2013). Petitioner's failure to prevail simply "does not pave the way for collateral attack" before this court. *Mackall v. Wilson*, 32 F. Supp. 3d 76, 79 (2014) (citing *Garris*, 794 F.2d at 727); *see Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23–110 are inadequate merely because he was unsuccessful when he invoked them.").

Petitioner also argues that the Superior Court committed legal error by not providing him with a timely hearing for his Section 23-110 motion, *see* Pet. at 2, however, the court is under no obligation to do so before making a determination, *see* D.C. Code § 23-110(c), (d).

Finally, even if this court had jurisdiction over his claims, "[t]he standard for issuance of the extraordinary and drastic remedy" of a restraining order or an injunction "is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–3 (D.D.C. 2007) (internal quotation marks and citation omitted). Such remedy should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted). The court considers the same factors as to a request for a temporary restraining order or a permanent injunction. *See, e.g., Price v. U.S. Dep't of Justice*, No. 18-CV-1339, 2019 WL 2526439, at *3

(D.D.C. June 19, 2019) (quoting *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 72 (D.D.C. 2001)).  The consideration factors are: "(1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the nonmovant, and (4) public interest." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citation omitted).  Here, petitioner addresses none of the aforementioned factors, let alone meets the tall burden.

For these reasons, the court will grant the application to proceed IFP, ECF No. 2, deny the request for injunctive relief, ECF No. 3, and dismiss the petition, ECF No. 1.  A separate order accompanies this memorandum opinion.

Date:  November 3, 2021                    _____s/s_____
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge